IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY C. AYERS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:05-CV-1528-JOF |
| INTOWN SUITES MANAGEMENT, INC., et al., | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Defendant Vickers' motion to dismiss [3], Defendant Intown Suites' motion to dismiss [15], and Defendant Intown Suites' motion for leave to file corrected version of the memorandum of law in support of Defendants' motion to dismiss [16].[1]

---

[1] For good cause shown, the court GRANTS Defendant's motion for leave to file corrected version of the memorandum of law in support of Defendants' motion to dismiss.

AO 72A
(Rev.8/82)

**I.     Statement of the Case**

    **A.     Procedural History**

On June 10, 2005, Plaintiff filed this action against Defendants Intown Suites[2] and Cheryl Vickers alleging race discrimination and conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1981 and 1985(3). On July 5, 2005, Defendant Vickers filed a motion to dismiss. The next day, Defendant Intown Suites filed its motion to dismiss.

    **B.     Facts[3]**

From March 31, 2003, until July 9, 2003, Plaintiff was employed as a manager at the Intown Suites Hotel in Sandy Springs, Georgia. During the period of time that Plaintiff worked as a manager, Intown employed a courtesy officer at the location named Michael Banks, who is African-American. Mr. Banks was provided a room at the hotel which exposed him to mold growth. In June 2003, Mr. Banks called Plaintiff at home and asked her to pick him up and take him to the hospital because he was having trouble breathing. Plaintiff took him to Northside Hospital. Plaintiff complained to Intown Suites management about the mold problem in Mr. Banks' room. On July 9, 2003, Plaintiff was terminated from her employment

---

[2] In fact, Plaintiff brought suit against forty-seven related entities which for the purposes of this motion will be referred to collectively as "Defendant Intown Suites."

[3] In analyzing Defendants' motions to dismiss, the court accepts the facts of the complaint as true and views them in the light most favorable to the nonmoving party. *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

2

with Intown Suites. When she was terminated, she was told that the reason she was being let go was her relationship with an African-American man, Mr. Banks.

Within two months Plaintiff retained counsel and filed a complaint in small claims court in Atlanta, Georgia, seeking her "final paycheck pursuant to her employment contract" with Defendant Intown Suites. At a trial held on November 10, 2003, Plaintiff prevailed, and a judgment was entered the next day awarding her $730.77.

### C. Contentions

Defendants Intown Suites and Vickers both contend that the action before this court is barred by res judicata. Further, all Defendants contend that Plaintiff's § 1985(3) claim alleging conspiracy should be dismissed because case law prevents such a claim from being premised on a claim under 42 U.S.C. § 1981. Finally, Defendant Vickers asserts that Plaintiff's § 1981 claim should be dismissed because Plaintiff has failed to establish that she was personally involved in the allegedly discriminatory conduct.

Plaintiff argues that the case is not barred under the doctrine of res judicata. Further, Plaintiff contends that there is precedent supporting a § 1985(3) being premised on a § 1981 claim. Moreover, she contends that her § 1985(3) claim is relying fundamentally on the Thirteenth Amendment, which bans involuntary servitude. Finally, in response to Defendant Vickers' motion to dismiss her § 1981 claim, Plaintiff maintains that she has successfully pleaded a § 1981 claim against Defendant Vickers, which claim implicates Plaintiff's personal involvement in the discriminatory conduct.

3

## II.     Discussion

### A.     Res Judicata

Defendants contend that Plaintiff's claims are barred by res judicata. Defendants maintain that a final judgment in Plaintiff's prior case brought in small claims court precludes Plaintiff from bringing her current claim. Defendants contend that because Plaintiff knew about the alleged discrimination at the time of the first lawsuit, because the matter concerned her termination, and because she could have raised the matter in the state court but chose not to, her claims are barred under the doctrine of res judicata. Plaintiff counters by maintaining that res judicata does not bar her claims before this court because the subject matter is not the same in the two legal actions.

Courts observe the doctrine of res judicata in an effort to promote the finality of judgments and to prevent the re-litigation of claims. "Federal courts apply the law of the state in which they sit with respect to the doctrine of res judicata." *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). Georgia has codified the doctrine in O.C.G.A. § 9-12-40 which states: "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Therefore, res judicata has three prerequisites: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the

4

merits by a court of competent jurisdiction." *Gunby v. Simon*, 277 Ga. 698, 699 (2004) (citations and quotations omitted).

Also in the *Gunby* case, the Georgia Supreme Court indicated:

Georgia follows the doctrine known as permissive joinder: 'where, as here, a plaintiff has multiple dealings with a defendant, our law does not require that [s]he assert every separate claim for relief that [s]he may have against the defendant in one single lawsuit or risk losing the claim for relief forever, as would be the case if our joinder statute provided for mandatory rather than permissive joinder. Instead, our law requires that such a plaintiff must bring every claim for relief [s]he has concerning the same subject matter in one lawsuit.'

*Gunby*, 277 Ga. at 699-700 (quoting *Lawson v. Watkins,* 261 Ga. 147, 149-150(2) (1991)). A plaintiff may, but is not required to, join several claims arising out of different subject matters. *Id.* "The fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same cause within the meaning of O.C.G.A. § 9-12-40; 'the subject matter must be identical.'" *Id.* (citing *Lawson,* 261 Ga. at 148).

Here, the court finds that the subject matter of the Plaintiff's claim in Magistrate Court is not identical to the current subject matter of the claims brought in the case before this court so as to warrant dismissal under res judicata. The case filed in Magistrate Court, brought by an employee who had been terminated, was a simple dispute concerning compensation owed. There is no indication in the record, and Defendants do not contend, that the reason for termination was raised or discussed at any point during that state court lawsuit. The case at bar deals with racial discrimination as the motive for the termination. While the subject

5

matters of the two legal actions are linked factually in that they both deal with facts concerning Plaintiff's termination, the two claims are not identical.  Thus, under doctrine of permissive joinder, Plaintiff could have brought the two claims together in the state court, but she was not required to do so.  Because the court has found that there was no identity of claims, the court need not address the other two prerequisites to the application of the res judicata bar.  For the foregoing reasons the court DENIES Defendants' motion to dismiss based on the doctrine of res judicata.

### B.    § 1981 / Defendant Vickers

Defendant Vickers contends that Plaintiff's §1981 claim against her should be dismissed.  Her only contention supporting this motion to dismiss is that Plaintiff has failed to show "personal involvement" on her part, which she avers is a prerequisite for a successful § 1981 claim.

The Supreme Court has stated that Federal Rule of Civil Procedure 8(a)(2) "provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's complaint states:  "Defendant Cheryl K. Vickers was the chief operating officer of Intown Suites Management, Inc until recently.  She was involved in the day to day

6

management of Intown Suites. Ms. Vickers was also involved in the decisions concerning hiring and termination of employees." Cmplt., ¶ 6. Further, the complaint states:

> [s]ince approximately January 1, 2000, Intown Suites has been engaged in a pattern and practice of discrimination on the basis of race against non-Caucasian and white employees who associate with or protest discrimination against minority employees. This discrimination was at the direction of Cheryl Vickers, COO of Intown Suites, who has openly and explicitly instructed her regional managers and district managers to discriminate in hiring, promotion, discipline and discharge.

Cmplt., ¶ 8. The court finds that these two statements do not satisfy the pleading requirement found in Rule 8(a)(2). Plaintiff has failed to allege that Defendant Vickers was personally involved in actions leading to Plaintiff's claim that she was terminated for discriminatory reasons. However, rather than Dismiss Plaintiff's § 1981 claim against Defendant Vickers, the court permits Plaintiff to amend her complaint within twenty (20) days to allege sufficiently personal involvement by Defendant Vickers. Should Plaintiff fail to amend her complaint within twenty (20) days, her § 1981 claim against Defendant Vickers will be dismissed. Therefore, the court DENIES Defendant Vicker's motion to Dismiss Plaintiff's § 1981 claim.

### C. § 1985(3) Claim

Defendants assert that Plaintiff's claim of conspiracy should be dismissed because such a claim cannot be based on alleged discrimination under 42 U.S.C. § 1981. Plaintiff makes two arguments in support of her claim under § 1985(3): that some courts have held that a § 1985(3) claim can be based on violations of § 1981, and that her claim in actuality is based on the Thirteenth Amendment.

Title 42 U.S.C. § 1985(3) states:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

A party asserting a cause of action for conspiracy under § 1985(3) must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class

8

of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Lucern v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983)).  In this analysis the second element requires "some racial or perhaps otherwise class based invidiously discriminatory animus behind the conspirators' actions." *Id.* at 628.  The Supreme Court in *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979), noted that § 1985(3) does not create any substantive right.  Section 1985 "serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 805 (3rd. Cir. 2001).  Further "[i]n order to prevent the use of § 1985(3) as a general federal tort law, courts have been careful to limit causes of action thereunder to conspiracies that deprive persons of constitutionally protected rights, privileges and immunities 'that are protected against private, as well as official encroachment.'" *Id.* (citing *Libertad v. Welch,* 53 F.3d 428, 446-50 (1st Cir.1995).  With regard to actions against private conspirators, "the Supreme Court has thus far recognized only two rights protected under § 1985(3)":  (1) the right to be free from involuntary servitude and (2) the right to interstate travel. *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)).

9

In *Brown* the Third Circuit noted that while some "isolated authority" from the District Court for the District of Columbia exists in support of the theory that a § 1985(3) claim may be based on a § 1983 claim, "[t]he great weight of precedential authority, however, supports the traditional limitation of § 1985(3) to questions of interstate travel and involuntary servitude and does not suggest that §§ 1981 or 1982 claims in general may form the basis of a § 1985(3) action." *Id*. at 806. Judge Carnes in *Benton v. Cousins Properties, Inc*., 230 F. Supp.2d 1351 (N.D. Ga. 2002), aff'd, 97 Fed. Appx. 904 (11th Cir. Feb. 17, 2004) (Table), relying heavily on the *Brown* decision, also reached the conclusion that a § 1985(3) claim cannot be premised on § 1981.

In her complaint, Plaintiff asserts that "[t]he Defendants and their officers, directors and managers conspired with each other to deprive plaintiff of her civil rights, of equal protection of the laws and of equal privileges and immunities under the law and specifically to deprive her of her rights under 42 U.S.C. §1981." Cmplt., ¶ 27. This court, relying on *Brown* and *Benton*, concludes that Plaintiff cannot use 42 U.S.C. § 1985(3) as a vehicle for bringing a 42 U.S.C. § 1981 claim. Further, the court finds that Plaintiff has not alleged any facts or referenced any case law which would support a conclusion that Defendants' actions have encroached on Plaintiff's right to be free from involuntary servitude. Therefore, the court can find no support for her § 1985(3) claim. Thus, the court GRANTS Defendants' motion to dismiss with respect to Plaintiff's § 1985(3) claim.

**III. Conclusion**

The court GRANTS IN PART and DENIES IN PART Defendant Vickers' motion to dismiss [3], GRANTS IN PART and DENIES IN PART Defendant Intown Suites' motion to dismiss [15], and GRANTS Defendant Intown Suites' motion for leave to file corrected version of the memorandum of law in support of Defendants' motion to dismiss [16].  The court permits Plaintiff to amend her complaint to allege personal involvement of Defendant Vickers within twenty (20) days.

**IT IS SO ORDERED** this 21st day of March 2006.

                                                             s/ J. Owen Forrester
                                                              J. OWEN FORRESTER
                                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)